Submitted August 5, reversed November 9, 2016

In the Matter of S. L.,
a Person Alleged to have a Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

S. L.,
*Appellant.*

Marion County Circuit Court
16CC00588; A161458

387 P3d 449

Eric J. Deitrick and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

Appellant seeks reversal of an order that, under ORS 426.130(1)(a)(C), committed her to the Oregon Health Authority for a period not to exceed 180 days based on the trial court's determination that, because of a mental disorder, she was unable to provide for her basic personal needs. The hearing occurred on February 8, 2016, yet the parties and the trial court appeared to have adjudicated appellant's civil commitment—as indicated by the trial court's order—under the previous version of the statute that defines a person with a mental illness. That is, the prior version of the statute, ORS 426.005(1)(e)(B) (2013), *amended by* Or Laws 2015, ch 461, § 1; Or Laws 2015, ch 433, § 1, defined a "person with mental illness" as

> "a person who, because of a mental disorder, is * * * [u]nable to provide for basic personal needs and is not receiving such care as is necessary for health or safety."[1]

That statutory definition was amended by the legislature and became effective on January 1, 2016.[2] Or Laws 2015, ch 433, § 1. The current version of the statute, ORS 426.005(1)(f)(B), defines a "person with mental illness" as

> "a person who, because of a mental disorder, is * * * [u]nable to provide for basic personal needs *that are necessary to avoid serious physical harm in the near future*, and is not receiving such care as is necessary *to avoid such harm*."

(Emphases added.)

On appeal, appellant contends, and the state concedes, that the evidence was insufficient to support the trial court's determination. ORS 426.130(1)(a); *see State v. D. M.*, 245 Or App 466, 470, 263 P3d 1086 (2011) ("In order to civilly commit a person, the state must prove, by clear and convincing evidence, that the person is mentally ill."). Appellant's contention, however, relies on the 2013 version of

---

[1] In 2015, ORS 426.005(1)(e) (2013)—the paragraph defining the term "person with mental illness"—was renumbered as ORS 426.005(1)(f). Or Laws 2015, ch 461, § 1. The subsections that correspond to ORS 426.005(1)(e)(A) and (B) (2013) are now numbered as ORS 426.005(1)(f)(A) and (B).

[2] The alternative definition of a "person with mental illness"—"a person who, because of a mental disorder, * * * is dangerous to self or others"—remains unchanged. ORS 426.005(1)(f)(A).

the statute. The state's concession also relies on that version of the statute. Nevertheless, because neither party argues on appeal for the application of the current version of the statute, we too, analyze the sufficiency of the evidence under the pre-2016 statutory standard. Applying that standard, we agree with appellant that the state failed to prove with the requisite degree of proof that appellant was unable to provide for her basic needs because of her mental illness and accept the state's concession. Accordingly, we reverse.

Reversed.