Submitted September 2, reversed November 9, 2016

In the Matter of J. L.,
a Person Alleged to have a Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

J. L.,
*Appellant.*

Douglas County Circuit Court
16CC01428; A161721

388 P3d 733

▮▮▮▮▮▮▮▮▮▮▮▮

Joseph DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

▮▮▮▮▮▮▮

▮▮▮▮▮

## PER CURIAM

Appellant seeks reversal of an order that, under ORS 426.125, conditionally released her to the care of a relative based on the trial court's determination that, because of a mental disorder, she was unable to provide for her basic personal needs and was a danger to herself, ORS 426.130 (1)(a)(B). The hearing occurred on March 10, 2016, yet the parties and the trial court appear to have adjudicated appellant's civil commitment under the previous version of the statute that defines a person with a mental illness. That is, the prior version of the statute, ORS 426.005(1)(e)(B) (2013), *amended by* Or Laws 2015, ch 461, § 1; Or Laws 2015, ch 433, § 1, defined a "person with mental illness" as

> "a person who, because of a mental disorder, is * * * [u]nable to provide for basic personal needs and is not receiving such care as is necessary for health or safety."[1]

That statutory definition was amended by the legislature and became effective on January 1, 2016.[2] Or Laws 2015, ch 433, § 1. The current version of the statute, ORS 426.005(1)(f)(B), defines a "person with mental illness" as

> "a person who, because of a mental disorder, is * * * [u]nable to provide for basic personal needs *that are necessary to avoid serious physical harm in the near future*, and is not receiving such care as is necessary *to avoid such harm*."

(Emphases added.)

On appeal, appellant contends, and the state concedes, that the evidence was insufficient to support the trial court's determination. ORS 426.130(1)(a); *see State v. D. M.,* 245 Or App 466, 470, 263 P3d 1086 (2011) ("In order to civilly commit a person, the state must prove, by clear and convincing evidence, that the person is mentally ill."). Appellant's contention and the state's concession, however, rely on the 2013 version of the statute. Nevertheless, because neither

---

[1] In 2015, ORS 426.005(1)(e) (2013)—the paragraph defining the term "person with mental illness"—was renumbered as ORS 426.005(1)(f). Or Laws 2015, ch 461, § 1. The subsections that correspond to ORS 426.005(1)(e)(A) and (B) (2013) are now numbered as ORS 426.005(1)(f)(A) and (B).

[2] The alternative definition of a "person with mental illness"—"a person who, because of a mental disorder, * * * is dangerous to self or others"—remains unchanged. ORS 426.005(1)(f)(A).

party argues on appeal for the application of the current version of the statute, we too, analyze the sufficiency of the evidence under the pre-2016 statutory standard. Applying that standard, we agree with appellant that the state failed to prove with the requisite degree of proof that appellant was unable to provide for her basic needs because of her mental illness and accept the state's concession.[3] *See State v. S. L.*, 282 Or App 192, 387 P3d 449 (2016) (reversing on same basis). We also accept the state's concession that the evidence was insufficient to support the trial court's determination that appellant was a danger to herself because of her mental illness. Accordingly, we reverse.

Reversed.

---

[3] Because we accept the state's concession as to that assignment challenging the person with mental illness findings, we need not reach appellant's other assignment of error.